UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JENNA MULLINS,

Petitioner,

v.

STATE OF NEVADA,

Respondents.

Case No. 2:18-cv-00668-GMN-VCF

ORDER

Petitioner has filed a "motion for emergency hearing for writ of habeas corpus." (ECF No. 2). Petitioner asserts in her motion that she is in custody pursuant to an "illegal sentence." (*Id.*) It would therefore appear that petitioner is attempting to challenge her custody pursuant to a state court judgment of conviction. The Court construes the motion as an attempt to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition will be dismissed due to numerous defects.

First, petitioner has not properly commenced the action by paying the filing fee or filing a complete pauper application. LSR 1-1 & 1-2.

Second, petitioner has not filed the petition on the Court's form as required by LSR 3-1.

Third, it appears unlikely that petitioner has exhausted her state court remedies. Petitioner must first exhaust her state court remedies before filing a habeas petition in federal court. 28 U.S.C. § 2254(b)(1)(A). To satisfy this exhaustion requirement, the claim be fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional

guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

While the Court is unable to verify the status of petitioner's criminal proceedings, it notes that there are no results for her name in a search of either the Eighth Judicial District Court's docket or the Supreme Court of Nevada's docket. It therefore would appear that petitioner has not exhausted her state court remedies.

Fourth, petitioner was arrested on the offense for which she is currently in custody only recently -- on February 20, 2018 -- and has been sentenced.[1] It is therefore possible that criminal proceedings remain ongoing in some fashion. As a general rule, even when the claims in a petition have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85; *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Finally, petitioner has filed her petition against the State of Nevada. Petitioner may not proceed in federal court against the State of Nevada due to the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984) (a State may not be sued in federal court regardless of the relief sought). Petitioner must name, in any newly filed petition, her immediate physical custodian.

---

[1] *See* https://www5.lasvegasnevada.gov/InmateSearch/ (last visited April 13, 2018).

2

It does not appear that a dismissal without prejudice would materially impact the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice. It therefore is ordered that this action shall be dismissed without prejudice. Petitioner shall file any new petition, and either pay the filing or fee or submit a complete pauper application, in a new action only, and shall not file any more documents in this case. This action is closed, and petitioner must pursue any further requests for relief in a new action under a new docket number.

It further is ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

It further is ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of Court shall send petitioner a copy of her papers in this action, along with two copies each of the form and instructions for an inmate pauper application and the form for § 2254 habeas petitions.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 18 day of April 2018.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE